(June 9, 1988)

■ In the Matter of MARIA KOGAN, Respondent, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Housing Authority, Appellant.—Leave to appeal from the order of the Supreme Court, New York County (Jerome Hornblass, J.), entered on August 19, 1987, is unanimously granted.

Order of the Supreme Court, New York County (Jerome Hornblass, J.), entered on August 19, 1987, which granted the petition pursuant to CPLR article 78, directed respondent New York City Housing Authority to reinstate petitioner's benefits retroactive to August of 1986 in the amount of $261

per month to be paid to her landlord, continued the matter pending an administrative hearing and directed that, in the event respondent should reject petitioner's claim, she be provided with written reasons therefor, is modified on the law and the petition granted only to the extent of directing that respondent provide petitioner with an administrative hearing in connection with this matter, vacating the direction that respondent reinstate petitioner's benefits, and otherwise affirmed, without costs or disbursements.

Petitioner-respondent Maria Kogan is a 72-year-old widow who, beginning in February of 1985, received benefits pursuant to the Section 8 Housing Assistance Payments Program (24 CFR part 882), a Federally funded, State-administered plan for providing subsidies to low-income tenants. Under this program, recipients are required to pay their landlords a portion of their monthly rent, and respondent-appellant Housing Authority pays the remainder directly to their landlords. In that regard, petitioner was responsible for remitting $112 per month for apartment 4B at 1401 Ocean Avenue in Brooklyn, while respondent New York City Housing Authority made subsidy payments of $260.75 per month to her landlord, Edgar Lyubling, who lived at the same address in apartment 4H. However, in June of 1986, petitioner informed the Housing Authority that she wished to move to another apartment in the same building and was issued a certificate of family participation, conditioned on approval within 60 days of the lease for the new unit. Although each such certificate expires automatically after the expiration of the 60-day period unless it matures into a rental, the Authority has the discretion to extend the applicant's eligibility for up to an additional 60 days.

In July of 1986, petitioner submitted a proposed lease for apartment 4H, the premises formerly occupied by her purported landlord, Edgar Lyubling. An investigation by the Authority, however, revealed that she had already moved into the new apartment notwithstanding that the leasehold had yet to be approved. It appears that the relocation was precipitated by Lyubling's desire to sell petitioner's prior unit. The Authority also discovered that Lyubling, along with his wife, petitioner's daughter, owns apartment 4H. According to the Authority, its personnel had been under the impression that petitioner, a Russian emigré, had no relatives in this country since the death of her husband, and there had been no previous suspicion that she and her landlord were related. In originally applying for Section 8 assistance, petitioner had

listed her friend Michael Rumshinsky as the nearest relative or friend for emergency contact. Thus, while the fact that Lyubling is petitioner's son-in-law does not disqualify her from receiving Section 8 aid, the Authority now sought to verify that there is, indeed, a bona fide tenant-landlord relationship between petitioner and Lyubling and that he has not been supplying her with free housing and, simultaneously, collecting public benefits. The Authority ceased making payments for apartment 4B after July of 1986.

Since petitioner was unable to produce canceled checks or other documentation showing that she had been remitting rent to Lyubling, the Authority requested permission to review the latter's tax returns to confirm his status as landlord. However, Lyubling did not demonstrate to the satisfaction of the Authority that he was actually being paid by his mother-in-law, and, by letter dated July 21, 1986, he informed the Authority that he had not attached a schedule E form (supplemental income schedule) to his 1985 tax return in that his maintenance expenses slightly exceeded his rental income. His 1984 and 1985 tax returns did include a schedule C (profit or loss from business), but no rental income was entered thereon. Respondent states that its doubts concerning Lyubling's status as a landlord were magnified even more when his accountant subsequently wrote to the Authority advising that apartment 4B was not a money-making proposition and that there was no income. In the meantime, petitioner's certificate of family participation, already extended for one 30-day period, expired on September 25, 1986, and no second extension was requested.

On May 12, 1987, petitioner instituted the instant proceeding pursuant to CPLR article 78 seeking to annul the determination by the New York City Housing Authority that she is no longer eligible for Section 8 assistance and awarding her benefits retroactive to August of 1986 or, in the alternative, vacating that decision and remanding the matter for a hearing. In conjunction with bringing the petition, she submitted Lyubling's handwritten rent receipts from March of 1985 to July of 1986, her own affidavit that she had remitted rent monthly and an affidavit from Michael Rumshinsky that he had loaned her a certain sum of money to help her pay rent. It should be noted that none of these items had been furnished to the Housing Authority before the commencement of the legal proceeding, and Rumshinsky's claim that he loaned petitioner rent money is not supported by any documentation, such as a written contract or a check evincing a payment

from Rumshinsky to petitioner. Moreover, petitioner has never formally been found ineligible for Section 8 aid; the Housing Authority has simply failed to approve further payments pending the receipt of persuasive documentation that Lyubling is, in fact, her landlord. She was, nonetheless, notified by letter dated January 12, 1987 from respondent's Deputy General Counsel to the Legal Aid Society, which has been representing petitioner in connection with this dispute, that "there is strong evidence that the apartment has not been income-generating. Under these circumstances, Ms. Kogan does not appear eligible to continue receiving benefits under the Section 8 program."

In holding that respondent's refusal to continue providing petitioner with Section 8 aid was arbitrary and directing that her benefits be reinstated retroactively to August of 1986, the Supreme Court concluded that "[r]ent receipts signed by petitioner's son-in-law, an affidavit of payment of rent from petitioner's son-in-law, and an affidavit of money lent to petitioner by a friend were offered as proof of petitioner's rent payments. At the respondent's request, the son-in-law's tax returns were produced in an effort to establish his landlord status. Although they did not record any income from petitioner's apartment, the son-in-law's accountant rebutted any inference of petitioner's non-payment by explaining that the maintenance for the apartment cost more than the rental income received from petitioner, thus, it was reasonable that the apartment did not appear on the tax returns." In the view of the court, respondent had offered no suggestion beyond demanding that Lyubling furnish tax returns for how he and petitioner could demonstrate their business dealings and had also given no reasons why the documents proffered by petitioner were not probative of a landlord-tenant relationship. The court also rejected the Authority's Statute of Limitations defense, which was based on the expiration of the certificate of family participation in September of 1986, on the ground that respondent was still considering petitioner's application when the certificate lapsed, and there was no final determination until January 12, 1987, the date of the letter from the Authority's Deputy General Counsel. Finally, the court remanded the matter for further administrative proceedings and directed that if, following a hearing, the Authority should reject her claim, it provide her with written reasons for its ruling.

At the outset, it should be stated that although the order being challenged herein is not appealable as of right, as it is a nonfinal order in an article 78 proceeding (CPLR 5701 [b]), and

leave to appeal in such a situation must ordinarily be obtained from a single Justice of the Appellate Division (CPLR 5701 [c]), which respondent-appellant failed to do, this court will unanimously grant permission to appeal at this time (see, CPLR 5514 [a]; 5520). In that regard, the instant appeal has been fully briefed and, in addition, is meritorious.

Respondent contends that the petition is barred by the Statute of Limitations since petitioner was required to bring her article 78 proceeding within four months of the expiration of the certificate of family participation in October of 1986. Yet, it is clear that the lapse of the certificate by the passage of time did not constitute an agency determination which petitioner could challenge, and, in fact, the Housing Authority was still considering petitioner's application long after the certificate was no longer in effect. Even the letter of January 12, 1987, which the Supreme Court perceived to be such a final decision is not a formal ruling at all but seems to be nothing more than an expression of opinion from respondent's Deputy General Counsel that petitioner "does not appear eligible to continue receiving benefits under the Section 8 program." Indeed, there is no indication that the Authority has ever issued a final determination. Rather, what evidently occurred here is that the Authority continued to insist upon more reliable documentation of the relationship between petitioner and Lyubling, and when that verification was not supplied to the Authority's satisfaction, it withheld approval of the proposed lease for the new apartment. The Housing Authority, in urging that the failure to hold a hearing did not violate applicable Federal regulations, argues that petitioner has never been deemed unqualified for Section 8 assistance. Rather, respondent asserts, the proposed leasehold has not been accepted, a purely discretionary decision, and a hearing is authorized only in instances where there is a finding of ineligibility. Therefore, respondent would have us treat the expiration of the certificate as a final determination for Statute of Limitations purposes but of the sort that would not entitle her to a hearing, thus leaving her without any legal recourse whatever.

Under 24 CFR 882.210 (b), an individual may be found ineligible for Section 8 benefits on five enumerated grounds, among them if the applicant or participant has committed fraud in connection with any Federal housing assistance program, has violated any family obligation as set forth in section 882.118 of the regulations or has breached an agreement as described in subdivision (c) of that section. The other

two grounds relate to the failure by the applicant or participant to pay rent or other amounts owed to a public housing authority or to reimburse a housing authority for payments made by the latter to an owner. That same section cites these reasons as warranting the disapproval of a lease. Therefore if the condition of the proposed apartment is safe and sanitary, the rent is acceptable, the lease contains no prohibited provisions, and none of the five specified grounds is applicable, the Housing Authority must presumably approve the lease. However, the fact that the relevant Federal regulations do not expressly list the bona fide character of the landlord-tenant relationship as a basis for rejecting the proposed lease does not deprive the Authority of the right to investigate this matter. Certainly, where, as here, there is the possibility that the applicant may be receiving free housing from a landlord who is nonetheless obtaining Section 8 payments, and, moreover, there is at least some evidence that the applicant has attempted to conceal her connection with the landlord, the Authority has the power, even the obligation, to examine whether a fraud has been committed. Clearly, fraud is a stated ground for both a finding of ineligibility under the Section 8 program and for disapproving a proposed lease, and, under the circumstances of this case, respondent possesses sufficient reason for suspicion.

As for the issue of whether the Housing Authority was compelled to accept Lyubling's handwritten rent receipts, petitioner's own affidavit that she had been paying rent and the affidavit from Michael Rumshinsky, it need only be pointed out that these documents are easily fabricated and, thus, are not nearly so reliable as proof that petitioner has actually been making rent payments as are canceled checks and tax returns. Further, these items were not even presented to respondent prior to the commencement of the article 78 proceeding and could, consequently, not have been considered by the Authority. At any rate, an agency has great discretion in deciding which evidence to accept and how much weight should be accorded particular documents or testimonial statements, and its determination in that respect is subject only to the legal requirement that the administrative finding be rationally based (see, Matter of Pell v Board of Educ., 34 NY2d 222) or, where appropriate, supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). Therefore, contrary to the Supreme Court's conclusion that respondent's action in declining to supply petitioner with Section 8 assistance was arbitrary, it was not

unreasonable for the Authority to demand more probative evidence than the explanations offered by the landlord and his tax preparer. Although it might ordinarily be considered unfair to deny an applicant Section 8 benefits because of the landlord's failure to report rent receipts on his tax returns, the fact that here the landlord and the tenant were related, that there seems to be no documentary proof of rent payments and that petitioner did not initially reveal that Lyubling was her son-in-law are, taken together, sufficiently suggestive to justify the Housing Authority's insistence that petitioner verify her payment of rent through evidence more trustworthy than the statements of a landlord and his accountant. Accordingly, respondent is not mandated to make Section 8 payments pending a hearing with regard to this matter.

However, there is no merit to respondent's assertion that its refusal to approve the proposed lease is a discretionary determination for which no hearing is authorized, citing 24 CFR 882.216 (a) (3) (i). The fact is that while the Authority deems crucial the distinction between rendering a finding of ineligibility for Section 8 benefits and simply failing to approve a lease, an action which it contends is exempt from the hearing requirement, in effect the agency has decided that petitioner and her landlord have engaged in a fraud and, thus, she should not continue to receive Section 8 benefits. Yet, the Authority may not avoid the necessity of conducting a hearing simply by refraining from making a formal finding of fraud. Indeed, the acceptability of the proposed lease is not the real issue here; rather it is whether petitioner has committed fraud and, by doing so, is thereby precluded or ineligible from further participation in the Section 8 program. Section 8 participants whose benefits are terminated are entitled to a hearing under 24 CFR 882.216 (b), and none of the Federal regulations referred to by respondent may be invoked to deprive petitioner of her right in that respect. Moreover, the exemption from the hearing requirement for "discretionary administrative determinations" is inapplicable in that there was no discretionary determination involved here. Similarly, 24 CFR 882.216 (a) (3) (iii), upon which respondent also relies, appears to be limited only to excluding from the necessity of holding a hearing, with respect to disallowing a lease, where the apartment in question has not met certain housing quality standards. Accordingly, while the Authority may have been warranted in withholding further Section 8 assistance from petitioner, it should have afforded her the opportunity for a hearing in connection with this matter. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Smith, JJ.